# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LASHANE TYNETTA HENRY,** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| vs. | *   CIVIL ACTION 10-00430-B |
| | * |
| **MICHAEL J. ASTRUE,** | * |
| **Commissioner of** | * |
| **Social Security,** | * |
| | * |
|     **Defendant.** | * |

## ORDER

Plaintiff Lashane Tynetta Henry ("Plaintiff") brings this action seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for period of disability and disability income benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq., and 1381 et seq. On February 16, 2011, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 16). Thus, this case was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. (Doc. 17). Oral argument was held on February 16, 2011. Upon careful consideration of the administrative record, the oral arguments, and the memoranda of the parties, it is ORDERED that the decision of the Commissioner be REVERSED and REMANDED.

I.  **Procedural History**

Plaintiff protectively filed her current applications for disability income benefits and supplemental security income benefits on August 20, 2007, alleging disability since May 22, 2005 due to "problems with left side of body" and "emotional problems." (Tr. 93-4, 139-43, 154). Plaintiff's earnings record shows that she has sufficient quarters of coverage to remain insured through December 31, 2008 (her "date last insured"), and that she is insured through that date. (Tr. 14, 161). Her applications were initially denied on November 19, 2007, and she filed a request for a hearing before an Administrative Law Judge ("ALJ"). (Tr. 83, 88, 95). On May 13, 2009, ALJ Linda J. Helm, ("ALJ") held an administrative hearing which was attended by Plaintiff, her attorney, and a vocational expert ("VE"). (Tr. 29-78). On September 1, 2009, The ALJ issued an unfavorable decision. (Tr. 14-28). Plaintiff's request for review was denied by the Appeals Counsel ("AC") on June 10, 2010. (Tr. 1-3).

The parties agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. § 405(g) and 1383(c)(3).

**II. Issues on Appeal**

A. Whether the ALJ erred by failing to consider and address the opinions contained in the interrogatories completed by Plaintiff's treating physician?

B. Whether the ALJ erred in failing to include the limitations denoted by Plaintiff's treating physician in the hypothetical questions posed to the vocational expert.

**III. Background Facts**

Plaintiff was born on June 23, 1971, and was 37 years old at the time of the administrative hearing (Tr. 36, 178). She has a 10th grade education and past relevant work (hereinafter "PRW") as a private sitter, a shipyard laborer ("firewatcher"), motel housekeeper, and fast food worker. (Tr. 41, 44-5, 155, 175, 213, 227). Plaintiff testified that she has been unable to work since May 2005 after her husband attacked her with a hammer and knife. (Tr. 39, 48). She reported that she attempted to return to her former work in the shipyard after the assault but was unsuccessful and was "fired." (Tr. 40). According to Plaintiff, she cannot presently work due to sharp, stabbing pain on her left side and because her medicine makes her drowsy. (Tr. at 46). Plaintiff also testified that she experiences pain when she moves around too much and when it is cold. (Tr. 47). Plaintiff further testified that she has migraine headaches, hot flashes, and panic and anxiety attacks. (Tr. 48) The record

3

reflects that Plaintiff's medications include Celebrex[1], Tramadol[2], and Cyclobenzaprine[3]. (Tr. 173, 189).

With respect to her daily activities, Plaintiff reported that she is able to perform some household chores, such as cleaning, cooking, and shopping, but sometimes requires assistance from her oldest son or she has to stop and take a break. She also cares for her four children, ages 18, 17, 14 and 12; drives; watches a lot of television; and attends church and parent-teacher conferences at her children's school. (Tr. 37, 51, 55-7).

**IV. Analysis**

    **A. Standard of Review**

In reviewing claims brought under the Act, this Court's role is a limited one. This Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied. Martin v. Sullivan, 894 F.2d

---

[1] Celebrex is a nonsteroidal anti-inflammatory drug (NSAID) used to treat pain or inflammation. See www.drugs.com. (Last visited February 7, 2011).

[2] Tramadol, is a narcotic-like pain reliever, used to treat moderate to severe pain. See www.drugs.com. (Last visited February 7, 2011).

[3] Cyclobenzaprine, is a muscle relaxant which works by blocking nerve impulses or pain sensations that are sent to the brain. See www.drugs.com. (Last visited February 7, 2011).

4

1520, 1529 (11th Cir. 1990).[4] A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (finding that substantial evidence is defined as "more than a scintilla but less than a preponderance," and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion[]"). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. Lexis 10163 (S.D. Ala. June 14, 1999).

**B. Discussion**

An individual who applies for Social Security disability benefits must prove his disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to do any substantial gainful activity by reason of any medically

---

[4] This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

5

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 404.1505(a), 416.905(a). The Social Security regulations provide a five-step sequential evaluation process which is be utilized by the ALJ in determining if a claimant has proven his disability. 20 C.F.R. §§ 404.1520, 416.920.[5]

---

[5] The claimant must first prove that he or she has not engaged in substantial gainful activity. The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience. If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work. Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; (4) the claimant's age, education and work history. Id. at 1005. Once a claimant meets this burden, it becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history. Sryock v. Heckler, 764 F.2d 834 (11th Cir. 1985). If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

In the case sub judice, the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2008, and that she has not engaged in substantial gainful activity since May 22, 2005. The ALJ concluded that while Plaintiff has the severe impairment of post traumatic stress disorder ("PTSD"), headaches, vertigo, and joint pain with left hand tendonitis, she does not have an impairment or combination of impairments that meet or medically equal the criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Regulations No. 4. (Tr. 16-17). The ALJ found that there was no diagnostic evidence of an underlying impairment that could reasonably be expected to cause Plaintiff's alleged symptoms, although there was some clinical evidence of back pain, tenderness on palpation of the knee, knee joint pain, and "pain localized to one or more joints." (Id.)

The ALJ concluded that Plaintiff retains the residual functional capacity ("RFC") to perform light work except she is restricted to no work in crowds; no more than occasional contact with the public; no more than one or two step instructions; and no work around unprotected heights and dangerous moving equipment. The ALJ further found Plaintiff has limited use of the left non-dominant hand such that she could not do any repetitive fine fingering with that hand, and she is restricted from working in temperature extremes. Relying on the testimony

7

of the VE, the ALJ determined that Plaintiff cannot return to her past relevant work, but is capable of performing a significant number of other occupations in the national economy, including bench assembler, mail clerk, and presser. Thus, she is not disabled. (Tr. 26-7).

While the undersigned has examined all of the medical evidence contained in the record, including that which was generated before Plaintiff's alleged onset date of May 22, 2005, only those records relevant to the issues before the Court are highlighted. The gist of Plaintiff's appeal is that the ALJ did not consider the interrogatory responses of Dr. Marianne Saitz, her long-time treating physician, and did not include the limitations noted by Dr. Saitz in the hypotheticals to the VE. In the decision, the ALJ made the following brief statement in relation to Dr. Saitz:

> As for the opinion evidence, the July 2008 one-line statement by Dr. Marianne Saitz regarding the claimant's ability to work "at this time" is rejected because Dr. Saitz failed to provide support for her opinion.

(Tr. 25).

It is well settled in this Circuit that "[t]he ALJ must generally give the opinion of a treating physician 'substantial or considerable weight' absent a showing of good cause not to do so." Newton v. Astrue, 297 Fed. Appx. 880, 883 (11th Cir. 2008).

See also Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (a treating physician's opinion must be given substantial weight unless good cause is shown to the contrary). The Eleventh Circuit has concluded "good cause" exists when a treating physician's opinion is not bolstered by the evidence, is contrary to the evidence, or when the treating physician's opinion is inconsistent with his or her own medical records. Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004); see also Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991) ("The treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory.").

If an ALJ elects to disregard the medical opinion of a treating physician, then he or she must clearly articulate the reasons for so doing. Id. The ALJ may also devalue the opinion of a treating physician where the opinion is contradicted by objective medical evidence. Ellison v. Barnhart, 355 F.3d 1272, 1275-76 (11th Cir. 2003) (per curiam), citing Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981) (holding that "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion") (citation omitted); Kennedy v. Astrue, 2010 U.S. Dist. LEXIS 39492, *22-23 (S.D. Ala. Apr. 21, 2010) ("[I]t is the ALJ's duty, as finder of fact, to choose between conflicting evidence[,] and he may reject the

opinion of any physician when the evidence supports a finding to the contrary.").

As noted supra, the ALJ declined to assign weight to Dr. Saitz's one-line statement dated July 29, 2008 on the ground that Dr. Saitz failed to provide support for her opinion. However, the record also contains Dr. Saitz's interrogatory responses dated June 1, 2009 in which she opines that due to Plaintiff's inability to maintain attention and concentration, difficulty/inability to focus on tasks, and inability to adjust to changes in work settings, Plaintiff is not able to perform sustained work activity, and her mental impairments would cause her to be absent from work 3 or more days. (Tr. 359). In her decision, the ALJ did not mention let alone discuss the weight to be accorded Dr. Saitz's opinions expressed in the June 1, 2009 document.

While it is true that an ALJ is not required to "specifically refer to every piece of evidence" so long as the decision is sufficient to allow the court to conclude that the ALJ considered the claimant's medical condition as a whole, see Dyer v. Barnhart, 395 F. 3d 1206, 1210 (11th Cir. 2005)(per curiam), the ALJ's omission in this case is particularly problematic because she stated in her decision that "[n]o treating or examining source of record has offered his or her opinion regarding specific functional limitations as the result

of specific medically determinable impairments." The ALJ's statement is incorrect because Dr. Saitz specifically listed functional limitations that she opined resulted from Plaintiff's mental impairments. This is significant because the record reflects that Plaintiff has been treated at Altapointe Health Systems, formerly Mobile County Mental health, for mental health issues in 2003, 2005, 2006, 2007, 2008 and 2009, and that Dr. Saitz, who is a medical doctor at the facility, has been involved in her treatment. (Tr. 225-251, 330-53). Over the course of her treatment, Plaintiff has been diagnosed with bipolar disorder and PTSD[6]. (Tr. 225-229, 242-243). Given Plaintiff's history of mental health treatment, her treating doctor's opinions regarding the functional limitations flowing from her mental impairments were probative and should have been discussed by the ALJ.

---

[6] The record also reflects that Plaintiff was evaluated by D. Kent Welsh, Ph.D. on April 13, 2006, at the request of the Agency. Dr. Welsh opined that Plaintiffs symptoms were consistent with PTSD, and that "[i]t is expected that with treatment she should see some improvement in her symptoms over the next six to twelve months." (Tr. 213-14). Plaintiff was also examined by clinical psychologist John Davis, Ph.D. on October 11, 2007 at the request of the Agency. Dr. Davis diagnosed Plaintiff with bipolar disorder and PTSD (by history). Although he opined that it was reasonable to expect Plaintiff to have a favorable response to treatment within the next six to twelve months, and that she has the ability do simple, routine tasks, he listed Plaintiff's prognosis as "fair". (Tr. 280-85)

In order to fulfill the duty as the reviewing court to determine whether the ALJ's decision to deny Plaintiff benefits is supported by substantial evidence, it is axiomatic that the ALJ's decision must make it clear that she has analyzed all evidence in the record. See Luckey v. Astrue, 331 Fed. Appx. 634, 639 (11th Cir. 2009) ("We have made it abundantly clear that unless the Commissioner has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." (quoting Cowart, 662 F.2d at 735 (internal quotation marks omitted and punctuation altered)). See also Carter v. Astrue, 308 Fed. Appx. 75, 76 (9th Cir. 2009) (reversing and remanding district court's affirmation of ALJ decision denying benefits and stating that "[w]hen the probative evidence takes the form of a treating physician's contradicted medical findings, an ALJ must articulate specific and legitimate reasons for the rejection. In light of these standards, the ALJ's failure to mention Dr. Malabed's findings was erroneous")(internal citations omitted)(citing Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008)). Based upon the record before the Court, the undersigned cannot determine whether the ALJ simply

overlooked the opinions expressed in Dr. Saitz's June 1, 2009 response, or whether she considered them, and determined that they were not entitled to great weight.[7] Thus, the undersigned is simply unable to assess whether the ALJ conducted a proper analysis. Accordingly, this matter is due to be reversed and remanded to the Commissioner so that the ALJ may properly consider the opinions expressed in Dr. Saitz's response dated June 1, 2009, and explain the weight, if any, to be accorded those opinions[8].

## V. Conclusion

For the reasons set forth, and upon careful consideration of the administrative record, the oral arguments, and the memoranda of the parties, it is ORDERED that the decision of the

---

[7] Whether or not the ALJ would have been able to articulate an adequate reason for rejecting the opinions contained in Dr. Saitz's June 1, 2009 response is of no moment. The Court is unable to review an analysis that is not apparent from the record. See McCloud v. Barnhart, 166 Fed. Appx. 410, 418-19 (11th Cir. 2006)("The ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. The ALJ is required, however, to state with particularity the weight he gives to different medical opinions and the reasons why. Here, the ALJ neither explained the weight that he gave to Newman's report nor why he discredited Newman's findings regarding McCloud's ability to engage in prolonged work. On remand, the ALJ must make these determinations.")(citations omitted).

[8] In light of the fact that this case is being remanded, it is not necessary to discuss Plaintiff's claim that the ALJ erred because she did not present a proper hypothetical to the VE.

Commissioner of Social Security, denying Plaintiff's claim for period of disability and disability income benefits and for supplemental security income be **REVERSED** and **REMANDED.**

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **30th** day of **September, 2011**.

                                                                                          /s/ SONJA F. BIVINS
                                                            **UNITED STATES MAGISTRATE JUDGE**